IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stephanie Marie Cowin, ) | |
| ) | Civil Action No. 6:15-3625-TMC |
| Plaintiff, ) | |
| ) | |
| v.                                        ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    The plaintiff, Stephanie Marie Cowin ("Cowin"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 23).[2]  Cowin filed objections to the Report (ECF No. 25), and the Commissioner responded to those objections (ECF No. 26).  Accordingly, this matter is now ripe for review.

## BACKGROUND

    Cowin applied for DIB and SSI on November 27, 2012, alleging disability beginning on November 5, 2010.  Cowin's application was denied initially and on reconsideration.  On

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.
[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

February 5, 2015, an Administrative Law Judge ("ALJ") heard testimony from Cowin and a vocational expert. On March 27, 2015, the ALJ issued a decision denying Cowin's claim.

In his decision, the ALJ found that Cowin suffered from the following severe impairments: degenerative disc disease of the lumbar and cervical spine. (ECF No. 10-2 at 24). The ALJ found that, despite Cowin's limitations, she was capable of performing past relevant work as a cashier II and pre-press operator (ECF No. 10-2 at 33). Cowin sought review of her case by the Appeals Council. The Appeals Council denied Cowin's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give

careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In her objections, Cowin contends that the magistrate judge erred by finding that substantial evidence supported the ALJ's (1) reciprocal functional capacity ("RFC") analysis, (2) evaluation of the consultative examinations, and (3) credibility determination of Cowin.

### I.

First, Cowin alleges that the ALJ erroneously cherry-picked evidence in order to support her RFC finding and failed to account for an assistive device in the form of a wheelchair or cane. Cowin asserted that her symptoms were not improving, but instead were "waxing and waning" and that the ALJ failed to explain how an individual with such symptoms could sustain work. (ECF No. 25 at 2). However, the record indicates the ALJ did not cherry-pick evidence to support her conclusion, rather, she weighed both positive and negative findings in the medical record, discussing doctor examinations and records spanning from 2009 to 2015. She also considered additional evidence such as Cowin's daily activities in order to conclude that Cowin retained the ability to perform light work with the ability to alternate standing or sitting at thirty-minute intervals; no left-leg foot control operation; only occasional climbing of ramps or stairs, balancing, stooping, kneeling or crouching; no climbing of ladders, ropes, or scaffolds; no crawling; and avoidance of exposure to vibration, hazardous machinery, unprotected heights and uneven terrain. (ECF NO. 10-2 at 27–33).

The inquiry before the court is whether the ALJ's determination was supported by substantial evidence. *See Craig*, 76 F.3d at 589. Pursuant to the above description, the court

finds that the ALJ properly explained the type of work a person with Cowin's symptoms could sustain and supported the explanation with substantial evidence.

Furthermore, Cowin's allegation that the ALJ failed to account for an assistive device in the RFC assessment is without merit. Specifically, Cowin asserts that the ALJ improperly failed to acknowledge that consultative examiner Dr. Schacher's opinion[3] noted, "ambulation assistive device – no but needs one" in her RFC analysis. However, as the magistrate judge detailed, the ALJ specifically mentioned that the claimant "notes occasional reliance on a cane or wheelchair; yet the medical evidence of record fails to show that such aids are medically necessary, and a Cooperative Disability Investigation (CDI) report indicates the claimant was observed to ambulate in public without her aids, despite occasionally using them." (ECF No. 10-2 at 31).

The ALJ discussed and weighed Dr. Schacher's opinion multiple times throughout her RFC analysis. (ECF No. 10-2 at 29 and 32). The fact that Dr. Schacher's note about an ambulation assistive device was not specifically mentioned does not cause the ALJ's analysis to be deficient. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"). Rather, an ALJ "need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." *Jackson v. Astrue,* C.A. No. 8:08–cv–2855, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (quoting *Fischer v. Barnhart*, 129 Fed. App'x 297, 303 (7th Cir. 2005)). "The touchstone for determining what evidence must be addressed is whether the evidence is so material that failing to address it would prevent the court from determining if the ALJ's decision was supported by substantial evidence." *Woodbury v. Colvin*,

---

[3] Dr. Schacher's opinion was given "limited evidentiary weight" by the ALJ due to mixed findings, (ECF No. 10-2 at 29), lack of longitudinal treatment history, *id* at 32, and the fact that the medical evidence supported some aspects of but did not fully support Dr. Schacher's findings, *id*. *See* discussion *infra* Section II.

C.A. No. 9:15-CV-2635-DCN, 2016 WL 5539525, at *3 (D.S.C. Sept. 30, 2016). *See also Bowen Transp. Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285–86 (1974) (stating "[w]hile [the court] may not supply a reasoned basis for the agency's action that the agency itself has not given, . . . [the court] will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."). In this case, it is sufficiently apparent that by examining the medical record (and explicitly discussing Dr. Schacher's opinion multiple times), the ALJ considered Dr. Schacher's complete opinion along with the rest of the medical reports to conclude that, as a whole, the record did not suggest that Cowin needed an assistive device.

However, even if the ALJ should have mentioned Dr. Schacher's note in her discussion, failure to do so was, at most, harmless error.

> While the general rule is that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained," *SEC v. Chenery Corp.,* 318 U.S. 80, 95 (1943), reversal is not required when the alleged error "clearly had no bearing on the procedure used or the substance of the decision reached," *Massachusetts Trs. of E. Gas & Fuel Associates v. United States,* 377 U.S. 235, 248 (1964). *Accord In re Watts,* 354 F.3d 1362, 1370 (Fed. Cir. 2004) (stating that the *Chenery* principle "does not obviate the need to consider the issue of harmless error"); *Nazaraghaie v. INS,* 102 F.3d 460, 465 (10th Cir. 1996) (concluding that the BIA's alleged failure to consider certain evidence was harmless error since "the result in this case would be no different"); *Sahara Coal Co. v. Office of Workers' Comp. Programs,* 946 F.2d 554, 558 (7th Cir. 1991) (noting that "harmless-error doctrine is available in judicial review of administrative action; it is an exception to the *Chenery* principle").

*Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n. 8 (4th Cir. 2004). In this case, the ALJ noted that none of Cowin's "treating or examining physicians issued a medical opinion or medical source statement concerning the claimant's impairments or any resulting limitations." (ECF No. 10-2 at 32). Accordingly, as the record shows, Cowin's treating physicians did not prescribe any assistive devices and Cowin admitted that the assistive devices that she used on occasion were

5

not prescribed.  (ECF No. 10-2 at 27, 93, 103).  Multiple treating physicians concluded that Cowin's condition could be adequately managed with medication.  (ECF No. 10-2 at 26–27).  The sole evidence supporting Cowin's need for an assistive device was her own testimony, which the ALJ found not to be credible (ECF No. 30),[4] and Dr. Schacher's opinion, which the ALJ gave limited weight based on mixed findings and findings inconsistent with the record (ECF No. 32).[5]  Moreover, Dr. Schacher failed to provide a basis for the opinion or explain circumstances under which the cane or wheelchair would be necessary, as required by SSR 96-9p.  SSR 96-9p, 1996 WL 374185, at *7 ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed.").  Accordingly, the ALJ's conclusion was supported by substantial evidence and the failure to mention Dr. Schacher's note was, at most, harmless error.  Cowin's objection is, therefore, without merit.

## II.

Second, Cowin alleges that the ALJ erroneously gave the opinions of Drs. Schacher and Tomarchio ("consultative examiners") limited weight.  The inquiry before the court is whether the weight given to the opinions of the consultative examiners by the ALJ is supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589.

First, Cowin objects to the magistrate judge's discussion of Dr. Schacher's opinion regarding an ambulation assistive device (ECF No. 23 at 33–35), alleging that the discussion amounts to post-hoc rationalization.  Although a court is not to give post hoc rationalizations for agency action, the duty of a reviewing court of an ALJ's decision is to ascertain whether

---

[4] *See infra* Section III for full discussion of Cowin's credibility.
[5] *See infra* Section II for full discussion of the weight that the ALJ assigned to Dr. Schacher's opinion.

substantial evidence supports the ALJ's factual determination. *See* 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Craig*, 76 F.3d at 589 (4th Cir. 1996) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Attempting to offer a post hoc conclusion is not analogous to the situation here, where the magistrate judge is merely endeavoring to point to support in the record for the ALJ's finding. Rather,

> [w]here the magistrate judge mentions in his report additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not guilty of applying a *post-hoc* rationale as contemplated by *SEC v. Chenery Corp.* Rather, the magistrate judge is simply noting that substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record.

*Hodgson v. Barnhart*, C.A. No. 5:05-cv-14, 2006 WL 5527016 at *4 (N.D.W. Va. Mar. 27, 2006). *See also George-Douglas v. Comm'r*, C.A. No. 12-2729, 2013 WL 4242372 at *2 (D. Md. Aug.13, 2013) (holding that offering post hoc conclusion is not analogous to the Commissioner's pointing to support in the record for the ALJ's finding); *Wells v. Astrue*, C.A. No. 3:10-cv-721, 2012 WL 966660 at *2–3 (E.D. Va. Mar. 21, 2012) (noting that this type of argument "misinterprets both the Magistrate's rationale, as well as the standard for judicial review"). The magistrate judge in this case was merely referring to evidence in the record which he determined was substantial evidence to support the ALJ's decision, and the court finds no error.

Second, Cowin alleges that the ALJ erroneously gave limited weight to Dr. Tomarchio's opinion due to "mixed findings" and to Dr. Schacher's opinion based on its consultative nature,[6]

---

[6] Accordingly, the lack of longitudinal treatment with a patient is a factor, among others, that the ALJ is permitted to consider when weighing medical opinions. *See Johnson*, 434 F.3d at 654; 20 C.F.R. § 404.1527 (2005). "Courts often accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily

7

because, according to SSR 96-6p, a non-treating physician's opinion may be entitled to greater weight despite lack of longitudinal treatment if it is supported by the evidence. (ECF No. 25 at 4).

When the record contains numerous different medical opinions, including those from the Plaintiff's treating physicians, consultative examiners or other sources that are consistent with each other, then the ALJ makes a determination based on that evidence. *See* 20 C.F.R. § 416.927(c)(2). If, however, the medical opinions are inconsistent internally with each other, or other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. *Id*. § 416.927(c)(2), (d). If a medical opinion is not assigned controlling weight by the ALJ, then the ALJ assesses the weight of the opinion by considering: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area in which an opinion is rendered; and (6) other factors brought to the Commissioner's attention which tend to support or contradict the opinion. *Id*. § 404.1527(d)(2)–(6); *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir.2006).

The ALJ found that the medical evidence in this case, while it supported "some aspects of the consultative examination reports," did not fully support the consultative examiners' findings. (ECF No. 10-2 at 32). Further the ALJ noted that the examiners' findings were mixed. *Id*. at 29. For example, as the ALJ noted, Dr. Schacher, who examined Cowin on April 27, 2013, wrote an

---

examined the applicant and has a treatment relationship with the applicant." *Id*. (quoting *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001)). However, the ALJ limited the weight given to Dr. Schacher's opinion not singularly because of its consultative nature but because of its mixed findings and its inconsistency with the record, as discussed below. (ECF No. 10-2 at 32).

8

opinion which stated that Cowin was unable to get on and off of the examination table, had an abnormal gait, had a loss of range of motion at the back and neck, and some weakness in the right lower extremity. *Id*. However, Cowin had no pedal edema, normal strength other than the right lower extremity, no atrophy, normal balance, and a normal sensory examination. *Id*. Likewise, Dr. Tomarchio, who examined Cowin on August 3, 2013, stated that Cowin presented in a wheelchair but could stand and get on and off of the examination table and appeared to be in no acute distress. *Id*. Further, while Cowin had some range of motion defects, right lower extremity strength loss, positive straight leg raise signs, and spinal tenderness, there was no muscle atrophy, edema, or joint abnormality; her grip strength was intact; and she had normal sensation. *Id*.

As the Report discussed, the ALJ also found that the medical evidence did not fully support the consultative examiner's findings. Contemporaneous treatment records from April and June 2013 showed that Cowin reported that her "symptoms are fairly controlled," and that she had no changes in her sciatica. (ECF No. 10-7 at 81 and 84). The ALJ noted that ongoing primary care notes from Drs. Saavedra, Melendez, and Fischbach, spanning from early 2013 to October 2014, showed no significant difficulty with Cowin's impairments. (ECF Nos. 10-2 at 29, 10–7 at 100–08 and 10-8 at 11–14). No physician but Dr. Tomarchio found strength less than 4/5 in Cowin's lower right leg muscles. (ECF Nos. 10-7 at 36–38, 40–50, 53, 55, 68 and 10-8 at 3, 7, 10). Additionally, as noted above, Dr. Schacher was the only examiner to indicate that Cowin needed an ambulation assistive device, which was inconsistent with the other medical evidence of record. (ECF No. 10-2 at 31). The court finds that the ALJ properly considered the consultative examiners' opinions, and substantial evidence supports the weight afforded those opinions.

Cowin also asserted that the magistrate judge improperly characterized Dr. Tomarchio's opinion as finding Cowin's reporting of pain to be "somewhat reliable," while Dr. Tomarchio, actually, found Cowin's reporting of her medical history to be "somewhat reliable." (ECF No. 25 at 6). The court finds that the ALJ's evaluation of Dr. Tomarchio's opinion is supported by substantial evidence, as discussed above, regardless of how the phrase, "somewhat reliable," is construed in the magistrate judge's Report. Cowin's objections regarding the consultative examiners' opinions are without merit. The magistrate judge properly found that Cowin failed to prove that the ALJ's weighing of the consultative examiners' opinions was unsupported by substantial evidence. *See Celebrezze*, 331 F.2d at 545 (stating that the claimant has the burden of proof).

### III.

Finally, Cowin alleges that the ALJ erroneously discounted Cowin's credibility. Specifically, Cowin alleges (1) that the ALJ's summary of her daily activities ignored her qualifying testimony regarding the circumstances under which she was able to perform them; (2) that the ALJ's consideration of Cowin's diagnostic tests was erroneous; and (3) that the ALJ stated that Cowin's symptoms were "fairly well controlled," while the record stated "fairly controlled."

In this case, Cowin reported that the disorders that she experiences result in severe pain, fatigue, and lower extremity weakness which cause postural and exertional limitations, interruption and alteration of daily routines, decreased ability to function, and diminished capacity for extended sitting, walking, standing, lifting, and carrying. (ECF No. 10-2 at 28). Ultimately, Cowin asserts that she lacks the ability to sustain work. (ECF No. 25 at 2). In evaluating a claimant's subjective complaints, the ALJ engages in a two-step process in which

the ALJ determines whether the claimant has an impairment that could reasonably cause the alleged symptoms, and then evaluates the statements about their intensity against the record. 20 C.F.R. §§ 404.1529, 416.929; *Craig*, 76 F.3d 594–95. A "formalistic factor-by-factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth the specific evidence [she] relies on in evaluating the claimant's credibility." *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001).

First, as the ALJ noted, Cowin's symptoms were treated solely with pain medication that was "relatively moderate" in nature and strength and occasional injections[7] (ECF No. 10-2 at 31), which is generally considered conservative treatment. *See, e.g., Smith v. Colvin*, C.A. No. 2:14-3224-TMC, 2016 WL 943667, at *4 (D.S.C. Mar. 14, 2016) (pain medication and injections generally considered to be conservative); *Hoke v. Chater*, 74 F.3d 1231, 1996 WL 13856, at *3 (4th Cir. Jan. 16, 1996) (unpublished table opinion) (recognizing that conservative treatment with pain medication may be considered in substantial evidence analysis). *See also Hauser v. Commissioner of Social Security*, C.A. No. 1:12-cv-796, 2014 WL 48554, at *9 (S.D. Ohio Jan. 7, 2014) (holding that "it is proper to classify taking prescription medication and receiving injections as 'conservative' treatment."). "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). As the magistrate judge noted, Dr. Goodrich, who saw Cowin for complaints of back pain, concluded that her condition could be "managed quite adequately with medication," and Dr. Stewart, a treating physician, and Mr. Leggett, a physician's assistant, maintained her solely

---

[7] The ALJ noted that while Cowin asserted that surgical intervention had been recommended, the evidence of record failed to support this assertion. (ECF No. 10-2 at 31). The only mention of surgery appeared to be Mr. Leggett, a physician's assistant, noting that the claimant should seek a surgery consultation with Dr. Goodrich. *Id*. However, the ALJ noted that the record showed that the claimant apparently failed to follow up and Dr. Goodrich recommended only conservative care and treatment. *Id*.

11

on medicine with occasional injections. (ECF No. 10-2 at 28–29). Moreover, Cowin did not undertake significant home remedies to manage her condition, reporting simply the use of ice, heat, and Epsom salts. *Id*. at 31.

Additionally, the ALJ's consideration of Cowin's daily activities was proper as required by the regulations and SSR 96-7p. 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186, at *3. The Fourth Circuit has held that a claimant's daily activities, such as cleaning the house, cooking, reading books, cooking, attending church twice a week, and doing laundry, were inconsistent with the claimant's complaints of excruciating pain and inability to perform basic physical and mental work abilities. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *see also Gross*, 785 F.2d at 1166 (pattern of claimant's daily activity, which included cooking, washing dishes, and generally taking care of house, suggested that he was not disabled from working). In this case, the ALJ found that Cowin maintained the ability to perform daily activities including tending to personal care; preparing meals multiple times per week; doing laundry; vacuuming; completing household chores, within reason; driving approximately twice per week;[8] occasionally going to church; crocheting; shopping in stores, sometimes with assistance; and periodically socializing with family and friends. (ECF No. 10-2 at 30–31). The ALJ found that Cowin's daily activities demonstrated a greater ability than alleged.

The court finds that Cowin's argument regarding the ALJ's assessment of her credibility is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson*, 434 F.3d

---

[8] Cowin testified at the hearing that she drives approximately twice per week. (ECF No. 76). Furthermore, on August 20, 2013, the Cooperative Disability Investigations Unit ("CDIU") observed Cowin driving for 2.6 miles home from Walgreens while smoking a cigarette. (ECF No. 10-7 at 97–98). While observed by the CDIU, Cowin was carrying items both into and out of the store, and, although walking with a limp, was not using a cane or wheelchair. *Id*. Cowin was observed carrying and attempting to return a 12-pack of beer (weighing approximately 9 pounds). *Id*. She was observed leaving the store carrying two bags of items and a large purse. *Id*.

at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). The ALJ's assessment was supported by substantial evidence and the court declines Cowin's invitation to reweigh the evidence.

Next, Cowin argues that the ALJ did not properly consider the diagnostic tests in assessing her credibility due to the fact that an MRI showed at least some nerve root impingement. She noted that Listing 1.04 requires a showing of nerve root impingement, without the need for it to be *significant*. First, the requirements of Listing 1.04 are not relevant to Cowin's credibility in this discussion. Second, the ALJ properly considered the objective evidence of the diagnostic testing as one factor in the credibility analysis (ECF No. 10-2 at 31). 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (ALJ may consider objective evidence such as clinical and laboratory diagnostics in evaluating claimant's symptoms, such as pain). The ALJ noted that the diagnostic studies "reveal no significant nerve root impingement." (ECF No. 10-2 at 31). The report by the physician performing the MRI of Cowin's spine on October 4, 2012, noted that it showed some degenerative disc disease at the L4-L5 and L5-S1 levels, with only some protrusion at the L5-S1 level that "does not result in significant stenosis or nerve root impingement."[9] (ECF No. 10-7 at 32). Accordingly, in her credibility analysis of Cowin, the ALJ accurately considered the objective tests as one factor that did not support Cowin's

---

[9] Other diagnostic testing, from 2009, not mentioned or objected to by Cowin, showed "no more than some disc protrusion and 'mild' foraminal compression at L5-S1, 'without significant compression' at L4-L5." (ECF No. 23 at 26).

subjective claims of disability. As noted above, the ALJ's credibility analysis of Cowin was supported by substantial evidence.

Finally, as Cowin noted, the ALJ stated that Cowin reported that her symptoms were "fairly well controlled," when she actually reported them as "fairly controlled." (ECF No. 10-2 at 29). The reference occurs during the ALJ's examination of Cowin's medical record for the purposes of assessing her RFC. *Id.* As discussed above, the ALJ found Cowin to be not entirely credible due to her overstating her condition when the record showed that her condition was, in fact, manageable with conservative treatment. *See, e.g., Dunn v. Colvin*, 607 F. App'x 264, 275 (4th Cir. 2015) (unpublished) ("[W]hen a claimant complains that her alleged disability is so bad that she is unable to work in any job whatsoever, but the ALJ finds that the treatment was not as aggressive as one would reasonably think would be employed if the alleged disability were actually that severe, then it is reasonable for the ALJ to conclude that the conservative treatment bears on the claimant's credibility."); *Gilbert v. Colvin*, C.A. No. 2:14-981-MGL, 2015 WL 5009225, at *5 (D.S.C. Aug. 19, 2015) (stating that "it is well established in the Fourth Circuit that it is appropriate for the ALJ to consider the conservative nature of the treatment that a plaintiff receives in making a credibility determination."). The ALJ found Cowin's subjective allegations to be incredible based on a review of her daily activities and the fact that only moderate strength medication was prescribed to manage her pain; she did not undertake any significant home remedies; there was no evidentiary support suggesting surgery was needed; and the medical record failed to support that an assistive device was necessary. (ECF Nos. 10-2 at 31; 10-3 at 4, 14; 10-6 at 87; 10-7 at 41, 68, 97; and 10-8 at 9). The absence of the word "well," as complained of by Cowin, does not change the fact that the ALJ's conclusion was supported by

substantial evidence from the record. The misstatement was, at most, harmless error and Cowin's objection is without merit.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Cowin's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Cowin's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Cowin has objected, the court finds no basis for disturbing the Report. Accordingly, the court adopts the Report (ECF No. 23) and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
February 23, 2017